**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDA KAY GREEN** | § | |
| | § | |
| **vs.** | § | **C.A. NO.** |
| | § | |
| **SAM'S EAST, INC. a/k/a** | § | |
| **COLLEGE STATION SAM'S CLUB** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, Plaintiff LINDA KAY GREEN complaining of and against SAM'S EAST, INC., a/k/a COLLEGE STATION SAM'S CLUB NO. 6338, Defendant herein, and for cause of action, respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is a resident of Forney, Kaufman County, Texas.

2. Defendant SAM'S EAST, INC., aka COLLEGE STATION SAM'S CLUB NO. 6338, does business as College Station Sam's Club #6338, located at 1405 Earl Rudder Frwy South, College Station, Texas 77856, and is a foreign for-profit corporation, authorized to do business in the State of Texas. It may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### II. JURISDICTION AND VENUE

3. This action is being filed in the United States District Court for the Southern District of Texas on diversity grounds. The Defendant is diverse from Plaintiffs, thereby continuing the diversity jurisdiction, pursuant to 28 U.S.C. §1391 (a) and (b).

4. This Court has personal jurisdiction over the Defendant because the Defendant is engaged in foreseeable, intentional, continuous, and/or systematic contacts in the State of Texas.

5.   Plaintiffs seek damages in excess of the jurisdictional minimum of this Court, pursuant to 28 U.S.C. §1332.

### III. BACKGROUND FACTS

6.   On or about August 9, 2020, Plaintiff LINDA KAY GREEN was shopping at College Station Sam's Club #6338, located at 1405 Earl Rudder Frwy South, College Station, Texas 77856, along with her daughter, son-in-law, her grandson and his girlfriend.

7.   As Plaintiff was proceeding in front of the check out, while proceeding to the exit, Plaintiff suddenly fell to the floor.  As a result of the fall. Plaintiff sustained serious injuries.

8.   After falling, Plaintiff saw she had fallen over two stacked cases of canned goods in the walking aisle.  She did not see the cans before she fell.  Further, there were no warning signs, safety cones, barricade tape or other indicator that a dangerous condition existed on the floor.

### IV. CAUSE OF ACTION -NEGLIGENCE

9.   Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if fully set forth herein.

10.   On the occasion in question, Defendant, by and through their officers, employees, agents and representatives, committed acts or omissions which collectively and severally, constituted negligence under Texas law.  More specifically, Defendant was negligent in:

   a.   Failing to monitor the condition of the floor in the store;
   b.   Failing to properly maintain walking aisles free and clear of debris or other objects;
   c.   Failing to property train its employees;
   d.   Failing to properly supervise employees;
   e.   Failing to provide adequate safety procedures;
   f.   Failing to warn others that a dangerous condition existed and
   g.   Creating a hazard to patrons.

11.     The aforesaid acts and/or omissions, individually and collectively, were the proximate cause of Plaintiff's severe and disabling injuries.

12.     Additionally, the character of the incident was such that it would not ordinarily occur absent negligence. Therefore, Plaintiff invokes the doctrine of *res ipsa loquitur.*

## V. CAUSE OF ACTION - PREMISES LIABILITY

13.     Plaintiff LINDA KAY GREEN was a business invitees on the day of the incident and entered Defendant's premises for their mutual benefit.

14.     The incident occurred on the premises occupied and controlled by Defendant SAM'S EAST, INC., aka COLLEGE STATION SAM'S CLUB.  Defendant knew, or in the exercise of ordinary care, should have known of the unreasonably dangerous condition existing on the floor of its premises, i.e., cases of stacked canned goods in the customer walkway aisle, which posed an unreasonable risk of harm to the general public, including Plaintiff.

15.     Defendant failed to inspect and make safe or adequately warn Plaintiff of the condition.

16.     Plaintiff LINDA KAY GREEN tripper over and/or fell over the stacked canned goods on the floor and fell to the floor.  The aforesaid acts and/or omissions, individually and collectively, were the proximate cause of Plaintiff's severe and disabling injuries.

## VI. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

17.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

18.     Defendant's conduct as described above constituted acts and/or omissions which, when viewed objectively from Defendant's standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

19. Defendant had actual, subjective awareness of the risk involved, but nevertheless preceded with conscious indifference to the rights, safety, and welfare of others.

20. Accordingly, Defendant's actions constitute gross negligence and Plaintiff is therefore entitled to an award of exemplary damages.

## VII. DAMAGES

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

22. As a direct and proximate result of Defendant's negligence set forth herein, Plaintiff seeks damages for:

    a. Monetary relief in an amount over $1,000,000.00;

    b. Physical pain and mental anguish in the past and in the future;

    c. Reasonable and necessary medical expenses incurred in the past and to be incurred in the future for the treatment of Plaintiffs' injuries;

    d. Lost earnings in the past and loss of future earnings and/or future earning capacity;

    e. Physical impairment in the past and in the future;

    f. Disfigurement in the past and future;

    g. Mental anguish;

    h. Costs of court;

    i. Pre-judgment and post-judgment interest at the maximum rate available; and

    j. Such other relief to which Plaintiff may be entitled.

## VIII. DEMAND FOR JURY TRIAL

23. Plaintiff asserts her right to a trial by jury, under Federal Rule Civil Procedure 38.

## IX. <u>CONCLUSION AND PRAYER</u>

WHEREFORE, PREMISES, CONSIDERED Plaintiff prays that Defendant be cited to appear and answer for its conduct, that this case be set for trial, and that the Plaintiff recover a judgment against Defendant, for damages in such amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs of court, and all other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF MATTHEW R. WILLIS**
300 Fannin, Suite 200
Houston, Texas 77002
713-715-7075 Telephone
713-715-7860 Facsimile

By: */s/Matthew R. Willis*
     MATTHEW R. WILLIS
     Texas State Bar No. 21648600
     Email: mrw@willistriallaw.com

**ATTORNEY FOR PLAINTIFF**